UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GE COMMERCIAL FINANCE BUSINESS
PROPERTY CORPORATION,

        Plaintiff,

vs.                              Case No.  3:12-cv-385-J-34MCR

ROBERT M. MITCHELL and BEVERLY R.
MITCHELL,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default

Judgment (Doc. 7) filed June 27, 2012.  Despite being directed by the Court to file a

response and being granted an extension of time to do so (Doc. 8), Defendants failed to

file a response.  The Court, having considered the Motion and the affidavit attached

thereto as well as the Complaint and exhibits attached thereto (Doc. 1), and being

otherwise advised in the premises, recommends Plaintiff's Motion be granted.

## I.  BACKGROUND

On April 9, 2012, Plaintiff filed a Complaint in this Court alleging breach of

guaranty by Defendants.  (Doc. 1).  Defendants failed to respond to the Complaint and

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

on May 31, 2012, the Clerk entered default against Defendants.  (Doc. 6).  Plaintiff now

moves for default judgment against Defendants.  (Doc. 7).

## II.  ANALYSIS

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter final

default judgment against a defaulting party, however, it is well-established that "a

defendant's default does not in itself warrant the court entering a default judgment."

Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

Rather, the Court must find "a sufficient basis in the pleadings for the judgment

entered."  Id.  A default judgment has the effect of establishing as fact the plaintiff's well-

pleaded allegations of fact and bars the defendant from contesting those facts on

appeal.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu,

515 F.2d at 1206)).  Accordingly, in ruling on the motion for default judgment, the Court

must examine in further detail Defendants' liability under the cause of action alleged in

the Complaint.

### A.  Liability

As an initial matter, the Court notes that it has diversity jurisdiction pursuant to 28

U.S.C. §1332.  Plaintiff, a corporation, is a citizen of Delaware and Washington, the

states where it is incorporated and where its principal place of business is located.  See

28 U.S.C. §1332(c) (stating a corporation is a citizen of both the state where it is

incorporated and the state where it has its principal place of business).  Defendants are

---

[2] In the case of Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

citizens of Florida.  Finally, as the Complaint seeks payment for over one million dollars, the amount in controversy requirement is also met.

The Complaint alleges that on August 1, 2009, Bamaco, Inc. (the "Tenant") entered into a Lease Agreement with Fairfield Shopping Center, LLC (the "Landlord"). (Doc. 1, Ex. 1).  Also on August 1, 2009, Defendants entered into a Payment and Performance Guaranty (the "Guaranty Agreement") whereby they guaranteed the full and prompt payment and performance of all obligations of the Tenant under the Lease. (Doc. 1, Ex. 2).  Subsequently, on September 27, 2011, the Landlord assigned all of its rights, title, and interest in the Guaranty Agreement to Plaintiff.  (Doc. 1, Ex. 3).

According to the Complaint, the Tenant failed to pay base rent and other amounts owed under the Lease.  Plaintiff contends that as of June 7, 2012, the total amount owed under the Lease and the Guaranty was $1,082,824.05, which consisted of Base Rent in the amount of $672,000.00, Additional Rent in the amount of $312,312.33, and interest in the amount of $98,511.72.  (Doc. 7, Ex. 1, p.2).  Interest continues to accrue on the principal at the rate of $184.11 per diem.  Id.  Plaintiff also points out that the Guaranty provides that Defendants are obligated to pay Plaintiff's costs and expenses in this litigation.  Id.

The Guaranty provides that Alabama law will govern.  Under Alabama law, the elements for a breach of a guaranty include: (1) proof of the existence of the guaranty contract, (2) default on the underlying contract by the debtor, and (3) nonpayment of the amount due from the guarantor under the terms of the guaranty.  Delro Industries, Inc. v. Evans, 514 So.2d 976, 979 (Ala. 1987).  Moreover, "'to recover under a . . .

continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved.'" Lifeline Pharmaceuticals, LLC v. Hemophilia Infusion Managers, LLC, No. CIV A. 11-0398-WS-M, 2012 WL 1014812, *3 (S.D. Ala. Mar. 22, 2012) (quoting Delro Industries, Inc., 514 So.2d at 979).  "A continuing guaranty is 'a guaranty of future indebtedness uncertain as to amount or time.'" Id.

Here, Plaintiff has satisfied all of the elements required to state a claim for breach of guaranty.  Plaintiff has proven the existence of the Guaranty Agreement by attaching a copy of it to the Complaint.  Plaintiff has also alleged default on the Lease by the Tenant as well as nonpayment of the amount due from Defendants under the terms of the Guaranty Agreement.  These facts, which have been established by virtue of Defendants' default, are enough to establish Defendants' liability for breach of guaranty.

Additionally, the Guaranty Agreement appears to be a continuing guaranty so ordinarily Plaintiff would be required to show the additional element of notice to Defendants of the Tenant's default under the Lease.  However, the Guaranty Agreement in this case contains a provision whereby Defendants waived their rights to notice to "accrual of any of the Guaranteed Obligations owed to Landlord." (Doc. 1, Ex. 2, ¶6).  "'The language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it.'" Lifeline Pharmaceuticals, LLC, 2012 WL 1014812, *3 n.3 (quoting Sharer v. Bend Millwork Systems, Inc., 600 So.2d 223, 226 (Ala. 1992)).  Accordingly, pursuant

to the terms of the Guaranty Agreement, Plaintiff is not required to prove it gave

Defendants notice of the Tenant's default under the Lease and has adequately

established a breach of guaranty claim against Defendants.

> **B.    Damages**

Having found Plaintiff entitled to a default judgment on its claim, the undersigned

turns to the question of damages.  "As a general rule, the court may enter a default

judgment awarding damages without a hearing only if the amount of damages is a

liquidated sum, an amount capable of mathematical calculation, or an amount

demonstrated by detailed affidavits."  Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129

(M.D. Ala. 2004) (citing Adolph Coors Co. v. Movement Against Racism and the Klan,

777 F.2d 1538, 1543-44 (11th Cir. 1985) and Directv, Inc. v. Griffin, 290 F.Supp.2d 1340,

1343 (M.D. Fla. 2003)).  In this case, to support its claim for damages, Plaintiff has

provided a detailed affidavit from Pamela Eggett, a Senior Asset Manager employed by

GE Capital Real Estate, which is the asset manager for Plaintiff.  (Doc. 7, Ex. 1).  As the

essential evidence regarding damages is before the Court, the Court concludes that the

record in this case is sufficient to calculate damages without an evidentiary hearing.

Specifically, Ms. Eggett's Affidavit establishes that as of June 7, 2012, the total amount

owed under the Lease and the Guaranty was $1,082,824.05, which consisted of Base

Rent in the amount of $672,000.00, Additional Rent in the amount of $312,312.33, and

interest in the amount of $98,511.72.  (Doc. 7, Ex. 1, p.2).  Interest continues to accrue

on the principal at the rate of $184.11 per diem.  Id.   Moreover, Ms. Eggett claims that

pursuant to the Guaranty Agreement, Defendants are obligated to pay Plaintiff's

reasonable expenses in bringing this action.  Plaintiff asks for $350.00 for the filing fee.

The Court finds this expense reasonable.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Motion for Entry of Default Judgment (Doc. 7) be **GRANTED** and the

Clerk be directed to enter final judgment in Plaintiff's favor and against Defendants,

jointly and severally, in the total amount of $1,083,174.05 ($672,000.00 in Base Rent,

$312,312.33 in Additional Rent, $98,511.72 in interest, and $350.00 in legal expenses).

The principal shall continue to accrue prejudgment interest at the agreed upon rate of

$184.11 per diem.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this __31st__ day of

July, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Marcia M. Howard,
United States District Judge,

Counsel of Record

Robert and Beverly Mitchell
6869 West Highway 100
Bunnell, Florida 32110