**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GE COMMERCIAL FINANCE BUSINESS
PROPERTY CORPORATION,

               Plaintiff,

v.                                   Case No. 3:12-cv-385-J-34MCR

ROBERT M. MITCHELL and BEVERLY R.
MITCHELL,

               Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 9;

Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge,

on July 31, 2012.  In the Report, Judge Richardson recommends that Plaintiff's Motion for

Entry of Default Judgment (Doc. No. 7; Motion) be granted "and the Clerk be directed to

enter final judgment in Plaintiff's favor and against Defendants, jointly and severally, in the

total amount of $1,083,174.05 ($672,000.00 in Base Rent, $312,312.33 in Additional Rent,

$98,511.72 in interest, and $350.00 in legal expenses).  The principal shall continue to

accrue prejudgment interest at the agreed upon rate of $184.11 per diem."  Report at 6.

Although Judge Richardson advised the parties of their right to file objections to the Report,

neither party has filed any objections.  Accordingly, this matter is ripe for review.

## I. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

## II. Discussion

As noted by Judge Richardson in the Report, Rule 55 of the Federal Rules of Civil Procedure (Rule(s)) sets forth the requirements for entry of default judgment. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986). While all well-pleaded allegations of fact are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] See also GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a

---

[1] This case and all Fifth Circuit cases decided prior to September 30, 1981 are binding precedent pursuant to Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

claim.") (citations omitted).  In addition, a court must consider whether an evidentiary hearing on the question of damages is warranted.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).  See also SEC v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary.  See Smyth, 420 F.3d at 1232 n.13.

Beyond the requirements set forth in Rule 55, the Servicemembers Civil Relief Act (SCRA) imposes an additional burden on a plaintiff seeking to obtain a default judgment against an individual defendant.  Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit -
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1).

The Soldiers and Sailors Civil Relief Act (SSCRA) was initially enacted in 1940 "to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves."  United States v. Kaufman, 453 F.2d 306, 308-09 (2d Cir. 1971).  In considering its provisions, the Supreme Court has instructed that the SSCRA "must be read with an eye friendly to those

who dropped their affairs to answer their country's call." <u>Le Maistre v. Leffers</u>, 333 U.S. 1, 6 (1948) (citing <u>Boone v. Lightner</u>, 319 U.S. 561, 575 (1943)).  In 2003, Congress amended the SSCRA and renamed it as the Servicemembers Civil Relief Act.  Service Members Civil Relief Act, H.R. Rep. No. 81, 108th Cong. at 32 (2003), <u>reprinted in</u> 2004 U.S.C.C.A.N. 2367, 2377.  In doing so, Congress stated that it "has long recognized that the men and women of our military services should have civil legal protections so they can 'devote their entire energy to the defense needs of the Nation.'"  <u>Id.</u>  As such, the SCRA, like its predecessor, explicitly requires any court to inquire into the service status of an individual prior to entering a default judgment.  50 U.S.C. app. at § 521.

The Court observes that, in the Report, the Magistrate Judge does not address the military service status of the individual defendants.  However, upon review of the record, it appears that Plaintiff has complied with the requirements of the SCRA.  In the Notice of Filing (Doc. No. 4; Notice), Plaintiff presents an Affidavit of Service as to each Defendant. <u>See</u> Notice at 3 (Affidavit of Service as to Defendant Beverly Mitchell), 6 (Affidavit of Service as to Defendant Robert Mitchell).  In both affidavits, the process server, Kevin Whitton (Whitton), states that, "[b]ased upon inquiry of party served[2], [Beverly Mitchell and Robert Mitchell are] not in the military service of the United States of America." <u>See id.</u> at 3, 6.  The Court finds that the representations in the Affidavits of Service satisfy the requirements of the SCRA.

---

[2]The "party served" in this action was Adam Plitt (Plitt). <u>See</u> Notice at 3, 6.  Plitt, a co-resident of Beverly Mitchell and Robert Mitchell in their abode located at 6869 West Highway 100, Bunnell, FL 32110, accepted substitute service from Whitton on Beverly and Robert Mitchell's behalf on May 3, 2012. <u>See id.</u> at 3, 6.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge, as supplemented herein.  Accordingly, it is hereby **ORDERED**:

**1.** Magistrate Judge Richardson's Report and Recommendation (Doc. No. 9) is **ADOPTED**, **as supplemented herein**.

**2.**  Plaintiff's Motion for Entry of Default Judgment (Doc. No. 7) is **GRANTED**.

**3.** The Clerk of Court is directed to enter judgment in favor of Plaintiff, GE Commercial Finance Business Property Corporation, and against Defendants, Robert M. Mitchell and Beverly R. Mitchell, jointly and severally, in the amount of $1,083,174.05 as of June 7, 2012, along with pre-judgment interest accruing on that amount through the date of judgment at a rate of $184.11 per diem.

**4.**  Post-judgment interest shall accrue at the statutory rate.

**5.** The Clerk of Court is further instructed to terminate all pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 20, 2012.

**MARCIA MORALES HOWARD**
United States District Judge

lc14

Copies to:

The Honorable Monte C. Richardson

Counsel of Record

<u>Pro</u> <u>Se</u> Parties